UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:10-cr-00046 |
| v. | ) | CHIEF JUDGE HAYNES |
| | ) | |
| STEVEN DWAYNE PITTMAN | ) | |

**MOTION TO RECONSIDER AND RESPONSE TO THE DEFENDANT'S MOTION TO REOPEN THE SUPPRESSION HEARING**

The United States of America hereby moves this Honorable Court to reconsider the order granting the defendant leave to reopen the suppression hearing. Docket Entry No. 124. Due to the celerity with which this Court issued the order, the United States was not able to respond to the defendant's motion to reopen the suppression hearing found at Docket Entry No. 123.

The defendant asks for this Court to reopen the suppression hearing and tries to demonstrate good cause by blaming his attorney. There are extremely narrow grounds that warrant reopening a suppression hearing. He has waited years to first mention this, despite complaining about other matters. Furthermore, this justification is not believable because the defendant did not merely fail to allege that his signature was forged—he affirmatively represented he had signed the form. He only changed his story after his first argument failed. The defendant has produced no evidence demonstrating good cause. This Court should deny the defendant's motion to reopen it because he has not shown good cause or, at the very least, this Court should order an evidentiary hearing requiring the defendant to demonstrate that good cause does in fact exist.

[Handwritten annotation in right margin:]
ORDER
This motion is granted pursuant to Local Rule the Court can rule on a motion before a response and any opposed party may move to reconsider. The motion to reconsider is granted, but the Order is affirmed given appellant proof that some of the evidence relied upon by the Court may be false. [signature] 1-9-14

1

Case 3:10-cr-00046  Document 125  Filed 11/26/13  Page 1 of 17 PageID #: 542