IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEVEN DWAYNE PITTMAN, )<br>)<br>Defendant. ) | Case No. 3:10-00046<br>Chief Judge Haynes |

**MEMORANDUM**

Before the Court is the Defendant's motion to suppress (Docket Entry No. 94) contending that he has expert proof to establish that the police forged his signature on the consent form to search his residence. The Defendant's motion is supported by a handwriting expert. At the Defendant's request, the Court relieved the Defendant's prior counsel and a subsequent counsel filed the pending motion to suppress. (Docket Entry No. 94). Later, the Defendant filed a motion to reopen the suppression hearing to consider this proof (Docket Entry No. 123) that the Court granted (Docket Entry No. 124). The Court set the Defendant's motion to suppress for a hearing.

In earlier proceedings, the Court conducted a hearing on May 24, 2011 on the Defendant's prior motion to suppress that the Court denied (Docket Entry No. 64). This Court concluded that the traffic stop of the Defendant's vehicle and the subsequent search of his residence were valid. "Pittman told the officers that he might have had some weapons at his house and signed a consent waiver to search his house." (Docket Entry No. 57 at 3). At the prior

suppression hearing, the Defendant neither testified nor argued that his signature on the consent form for his residence was forged. The Defendant's prior argument was that the police officers coerced him into the consent form. The Court found that the Defendant abandoned his challenge to the consent issue: "Defendant did not discuss this argument in his other briefs or at the suppression hearing." (Docket Entry No. 63 at 32). The Court also found that the Defendant signed the consent to search form. Id. In his prior motion papers, the Defendant acknowledged his signature on the form.

At the second suppression hearing, Defendant's counsel announced that his expert witness changed her opinion after reviewing the Government's expert's report. The experts for the parties agree on the ambiguity of the Defendant's alleged forged signature. At that hearing, Defendant's current counsel also cited the Defendant's difference with his prior counsel about the Defendant conceding to signing the consent form.

Motions to suppress must be raised in a timely fashion or be waived. Fed. R. Crim. P. 12(a)(3)(C) (2012). Rule 12 authorizes the courts to set and schedule motions deadlines. Fed. R. Crim. P. 12(c) (2012). Local Criminal Rule 12.01(b) requires a defendant to file all pretrial motions within twenty-eight (28) days of arraignment, absent leave of Court. Federal Rule of Criminal Procedure 12(e) expressly provides that "[a] party waives Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver." Courts enforce this waiver rule. United States v. Worthington, 698 F.2d 820, 824 (6th Cir. 1983) (Failure to timely file a motion to suppress "shall constitute waiver thereof, unless the court grants relief from the waiver"); United States v. Sachs, 801 F.2d 839, 847 (6th Cir. 1986) (failure

2

to timely file motion to suppress constitutes waiver); United States v. Oldfield, 859 F.2d 392, 396 (6th Cir.1988) ("This court strictly applies Rule 12(b), and has repeatedly held that failure to raise 12(b) motions in a timely fashion precludes appellate review").

In the Sixth Circuit, to re-open a suppression hearing, a defendant must demonstrate why a claim was not pursued initially and the lack of prejudice to the opposing party. In a word, "courts should be extremely reluctant to grant reopenings." United States v. Carter, 374 F.3d 399, 405 (6th Cir. 2004) (quoting United States v. Kithcart, 218 F.3d 213, 219-220 (3d Cir. 2000) (citation and internal quotation marks omitted)). When filed, the "primary focus should be on whether the party opposing reopening would be prejudiced if reopening is permitted." Id. "'The party moving to reopen should provide a reasonable explanation for failure to present the evidence [initially].' In order to properly exercise its discretion the district court must evaluate that explanation and determine if it is both reasonable, and adequate to explain why the [moving party] initially failed to introduce evidence that may have been essential to meeting its burden of proof." Id. at 405-06 (quoting United States v. Blankenship, 775 F.2d 735, 740 (6th Cir. 1985)). The Sixth Circuit denied a motion to reopen where the defendant failed to explain "why he failed to present the evidence initially." Id. at 406.

Given that the Defendant's counsel announced that his expert now agrees with the Government's expert that the issue of the handwriting on the consent form is ambiguous, the Court does not discern a basis to reopen the hearing. Given the Court's prior ruling and the Defendant's prior history of asserting his interests, (Docket Entry Nos. 72, 75, 84, 85, 113 and 117), the Court concludes that the Defendant cannot provide a credible explanation for his failure to present this alleged forgery issue earlier. Thus, the Court affirms its earlier ruling and denies

3

the Defendant's motion to suppress.

An appropriate Order is filed herewith.

**ENTERED** this the 20th day of February, 2014.

William J. Haynes, Jr.
Chief Judge
United States District Court